JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Francis Gooding

## DEFENDANTS
New Jersey Transit Rail Operations, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew C. Gaughan, Esquire; Daniel C. Levin, Esquire
Levin Sedran & Berman; 510 Walnut St. Ste. 500
Philadelphia, PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
45 USC Sec 51-60

Brief description of cause:
Plaintiff has injuries as a result of unsafe workplace

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 6/13/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCIS GOODING | : | |
| 240 Van Norstrend Avenue | : | |
| Jersey City, NJ 07305, | : | |
| | : | NO: |
| Plaintiff | : | |
| vs. | : | |
| | : | |
| NEW JERSEY TRANSIT RAIL OPERATIONS, | : | JURY TRIAL DEMANDED |
| INC. | : | TWELVE JURORS REQUESTED |
| One Penn Plaza East | : | |
| Newark, NJ 07105, | : | |
| Defendant. | : | |

## COMPLAINT

**I.  PARTIES**

1. The Plaintiff, Francis Gooding, is a competent adult individual whose address is 240 Van Nostrand Avenue, Jersey City, NJ 07305.

2. The Defendant, New Jersey Transit Rail Operations, Inc. (referred to as "NJT" or "Defendant"), is a corporation organized and existing under the laws of the State of New Jersey, whose principal place of business and address for service of process is One Penn Plaza East, Newark, New Jersey 07105.

3. This suit is brought pursuant to Acts of Congress known as the Federal Employers' Liability Act, Title 45 U.S.C. Secs. 51-60.

**II.  JURISDICTION**

4. At all times material hereto, the Defendant was engaged in interstate commerce as common carrier by railroad operating a line and system of railroads in the Commonwealth of Pennsylvania, and other states of the United States.

5. At all times material herein, Defendant was a railroad company operating a system of railroads in the Pennsylvania and through the District of New Jersey wherein this action is filed.

6. At all times material herein, Defendant was a common carrier engaged in the interstate commerce, and that plaintiff was employed by the defendant. Plaintiff was also engaged in interstate commerce.

7. Jurisdiction of this Court is based upon title 45, U.S.C. § 51 et seq., commonly known as the Federal Employees Liability Act.

III. FACTS

<u>Count I</u>
<u>FELA</u>

8. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

9. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad as a carman and was acting in the scope of his employment by the Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

10. During Plaintiff's entire working career for NJT which includes October 31, 1996 through the present, while working within the scope of his employment in various locations throughout Defendant's railroad system at MMC/SSI in Kearney, New Jersey, Plaintiff was injured due to unsafe and inadequate working conditions. Plaintiff was employed at MMC and S&I Kearney, New Jersey.

11. This injury was caused in whole or in part by the negligence, carelessness and recklessness of the Defendant and its agents, servants, workmen and/or employees, acting within the scope of their employment, which negligence consisted of the following:

2

     levels/amounts of repetitive cumulative trauma and vibration produced by the work duties/tasks which the Plaintiff was required to perform for the Defendant;

  m)  failing to solicit information as to the quantity and type of traumas suffered by the work force and then advising the plaintiff and other workers of the results of that accumulation of information; and,

  n)  failing to provide the Plaintiff with protective equipment designed to protect him from repetitive cumulative trauma injuries as a result of exposure to repetitive occupational trauma and vibration.

12. Plaintiff is a carman and is required to lift heavy pipe wrenches, air hammers, air guns overhead to get to air brakes during his employment. While repairing cars, Plaintiff is required to utilize heavy bolts and hold them to get it in place. Thus, Plaintiff's job duties require a lot of reaching in overhead spaces blindly and, using equipment. Plaintiff is required to use ladders which require awkward body positions. He has a lot of reaching across his body with tools to complete the job.

13. Defendant failed to provide a safe and reasonable environment where Plaintiff was not required to use heavy objects overhead in awkward positions. Defendant should have provided a workspace that required less stress on the shoulder and the assistance of other employees.

14. On March 31, 2014, Plaintiff was diagnosed with left tendon and labrum and right and left shoulder tendon tear. Plaintiff has had surgery on his right and left shoulder.

15. As a direct result of the Defendant's negligence, through their agents, servants, workmen and/or employees, the Plaintiff suffered a left shoulder rotator cuff tear with impingement syndrome with left shoulder labral tear & right shoulder rotator cuff tear, labral tear, biceps tendon tear and

impingement.

16. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

17. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including a left shoulder arthroscopy with arthroscopic cuff repair, arthroscopic debridement and acromioplasty and a right shoulder rotator cuff tear, labral tear, biceps tendon tear and impingement which required right shoulder arthroscopy with arthroscopic cuff repair, labral repair, biceps tenotomy and acromioplasty and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

18. As a direct result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000.00).

Date: 6/13/17

BY: LEVIN SEDRAN & BERMAN

MATTHEW C. GAUGHAN, ESQUIRE
DANIEL C. LEVIN, ESQUIRE
510 Walnut Street, Suite 500
Philadelphia, PA 19102
(215) 592-1500

5

RAYMOND P. FORCENO, ESQUIRE
THE FORCENO LAW FIRM, P.C.
510 Walnut Street, Suite 515
Philadelphia, PA 19106
(215) 732-1630

*Counsel for Plaintiff*